UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

TAM CHI NGUYEN,

    Petitioner,

v.

KRISTI NOEM, in her capacity as Secretary of the Department of Homeland Security, et al.,

    Respondents.

No. 6:25-CV-057-H

## ORDER DENYING AS MOOT EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Before the Court is the petitioner's emergency motion for a temporary restraining order (TRO). Dkt. No. 7. The Court ordered the government to respond by 10:00 a.m. today (Dkt. No. 8), and the government did so (Dkt. No. 9). The motion is ripe for decision. The Court denies the motion (Dkt. No. 7) as moot.

The government previously represented to the Court that, although ICE "will continue to [work on Nguyen's removal] pending the resolution of [his habeas petition]," the government "will provide Petitioner's counsel and the Court with at least three days' notice before moving Petitioner outside the Court's jurisdiction." Dkt. No. 6 at 1. Yesterday, Nguyen "was moved from this jurisdiction without notice" due to "an oversight on the ground and the availability of a charter flight to Vietnam," but ICE "is currently taking steps to correct this error." Dkt. No. 9 at 1–2. Nguyen "is in transit back to Texas and should arrive later this evening." *Id.* at 2. The government states that it will notify Nguyen's counsel and the Court "when [Nguyen] has been returned to the Eden Detention Center" and that "additional safeguards to prevent this error from reoccurring are being put

in place." *Id.* Finally, the government assures the Court "that, pursuant to its prior representations, [Nguyen] should not and will not be removed from this Court's jurisdiction without providing the Court with three days' notice." *Id.*

The Court accepts the government's explanation, and the Court does not find that Nguyen was transferred "in secret," "for nefarious purposes," or in intentional contravention of the government's representations to the Court. Dkt. No. 7 at 3; *see* Dkt. Nos. 6; 9. However, the Court agrees with the government that, pursuant to the government's previous representations, Nguyen should not be removed from the Northern District of Texas without providing the Court with at least three days' notice. *See* Dkt. No. 9 at 2. Therefore—pending the resolution of Nguyen's habeas petition—the Court orders the government to provide the Court with at least three days' notice before transferring Nguyen outside the Northern District of Texas. Because the petitioner currently is being returned to the Eden Detention Center and his return to the Northern District of Texas is imminent, the Court denies the petitioner's emergency motion (Dkt. No. 7) as moot.

So ordered on July 15, 2025.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE